**INDIANA GAS COMPANY, INC., Appellant,**

v.

**OFFICE OF the UTILITY CONSUMER COUNSELOR, the Citizens Action Coalition of Indiana, Inc., General Motors Corporation and the Indiana Utility Regulatory Commission, Appellees.**

No. 93A02–9006–EX–348.[1]

Court of Appeals of Indiana, Third District.

Aug. 14, 1991.

See also 575 N.E.2d 1044.

Daniel W. McGill, Barnes & Thornburg, Ronald E. Christian, Indiana Gas Co., Inc., Indianapolis, for appellant.

1. This case was diverted to this office by order of the Chief Judge.

James L. Turner, Utility Consumer Counselor, Robert K. Johnson, Deputy Consumer Counselor for Federal Affairs, Indianapolis, for appellees.

Michael A. Mullett, Columbus, for Citizens Action Coalition of Indiana, Inc.

STATON, Judge.

This is the second of two appeals taken by Indiana Gas Company, Inc (IGC) involving the Gas Cost Adjustment Statute (GCA Statute), Indiana Code 8–1–2–42(g) (1988). The first is *Indiana Gas Co., Inc. v. Ofc. of the Utility Consumer Counselor* (1991), Ind.App., 575 N.E.2d 1044 (*Indiana Gas I*). In this appeal, the parties raise the following issues:

   I.  Does the "earnings test" found in Indiana Code 8–1–2–42(g)(3)(C) utilize "return" or "rate of return" as the relevant "overearnings" indicator?

  II.  Did the Indiana Utility Regulatory Commission have jurisdiction through issuance of the proper notice to revalue IGC's rate base?

 III.  Did the Commission err in failing to use IGC's current rate base for the earnings test?

 IV.  Did the Commission err in failing to revalue IGC's rate base?

  V.  Has IGC waived its right to recoup gas costs by failing to avail itself of the procedures outlined in Indiana Code 8–1–3–6?

We affirm.

A lengthy description of the events leading up to this appeal was set out in our opinion in *Indiana Gas I*, and we will add only those facts necessary to dispose of this second appeal. In addition, due to the substantial identity of the issues, the reader's understanding of our disposition of this appeal will be greatly facilitated by a reading of the earlier opinion.

On March 31, 1989, as was its custom, IGC filed its quarterly application for approval of GCA credits reflecting a reduction in IGC's natural gas costs. IGC also requested that the current value of its rate base be determined and that additions to its utility properties be approved. The Indiana Utility Regulatory Commission (the Commission) established a subdocket to accommodate these additional requests. The Citizens Action Coalition (CAC) and the Office of the Utility Consumer Counselor (UCC) were parties to the subdocket and are parties to this appeal.[2]

Evidence was heard in the subdocket, and the Commission determined that "return" in the "earnings test" from the GCA Statute referred to the utility's net operating income (NOI) as determined in the utility's last rate case, and not "rate of return" as argued by IGC. However, the Commission went on to address IGC's request to revalue its rate base. The Commission denied IGC's request, finding that IGC had failed to carry its burden of proof of the value of its used and useful property as of February 28, 1989. IGC appeals.

## I.

### *Meaning of "Return"*

◼ The "earnings test" in Indiana Code 8–1–2–42(g)(3)(C) provides:

The commission shall conduct a summary hearing solely on the gas cost adjustment requested in the petition subject to the notice requirements of IC 8–1–1–8 and may grant the gas utility the requested gas cost charge if it finds that:

   \*     \*     \*     \*     \*     \*

(C) The gas cost adjustment applied for will not result, in the case of a public utility, in its earning a *return* in excess of the *return* authorized by the commission in the last proceeding in which basic rates and charges of the gas utility were approved, the gas cost adjustment applied for will be reduced to the point where no such excess of *return* will be earned. (Emphases added).

The significance of the dispute surrounding this issue was addressed at length in *Indiana Gas I*. Simply stated, the crux of this appeal is whether a gas company may revalue its rate base in a GCA proceeding

---

**2.** The CAC has joined in the Appellee's brief filed by the UCC.

in order that it may prevent itself from earning a greater profit than that authorized by the Commission.

We resolved this issue in *Indiana Gas I* by first concluding that a utility may not update its rate base in a GCA proceeding. Thus, we determined that it did not matter whether "return" meant "rate of return" or NOI, as the effect would be the same. In determining overearnings, the Commission is to focus on the rate base as determined in the last rate case. As this is the procedure employed by the Commission, we find no error.

## II–IV

### *Issues Involving Revaluation of Rate Base*

■ IGC argues that the Commission provided proper notice for a revaluation of its rate base, but erred in failing to revalue its rate base in the GCA proceeding and in failing to use IGC's current rate base for GCA calculations, rather than the rate base determined in IGC's last general rate proceeding. We concluded in *Indiana Gas I* that a gas utility is not permitted to have its rate base revalued in a GCA proceeding and that the rate base as determined in the prior rate case is controlling. Accordingly, the Commission did not err in refusing to use IGC's rate base as a basis for GCA calculations.

## V.

### *Waiver of Rights to Recoup Gas Costs*

IGC argues if we find that the Commission wrongfully disallowed gas costs in the GCA proceeding, it should be permitted to recoup those wrongfully disallowed costs through future billing of its customers. The UCC in turn argues that IGC has waived that remedy by failing to avail itself of Indiana Code 8–1–3–6.

We need not address this issue, since we have concluded that no gas costs were wrongfully disallowed, as the Commission utilized the proper procedures in the GCA proceedings.

The order of the Commission is in all things affirmed.

CHEZEM and CONOVER, JJ., concur.